## MYERS et al. v. VALLEY OSAGE OIL CO.
### No. 12303.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1948.

Rehearing Denied Jan. 13, 1949.

Franklin Jones and C. A. Brian, both of Marshall, Tex., and Thos. B. Ramey and Joe W. Sheehy, both of Tyler, Tex., for appellants.

Philip Brin and Angus G. Wynne, both of Longview, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

**336**

WALLER, Circuit Judge.

This is an action for personal injuries recieved by the appellant, Myers, while working for Gilcrease Production Company, and which injuries were alleged to have been caused by the negligence of one Barrick, an alleged employee of the defendant, Valley Osage Oil Company. While Myers was installing and adjusting an engine which was used by his employer in pumping oil from a well, Barrick threw in the clutch, thereby causing a counter balance to strike appellant and inflict serious injuries. Valley Osage Oil Company denies that Barrick was its employee and urges as defenses that it has no employees or agents other than its directors and officers; that although it owns the lease on which the well and pump are located, nevertheless, the lease is operated by the Gilcrease Production Company under a written operating contract; that it had neither exercised, nor could have exercised, any supervision and control over Barrick since the execution of the operating contract between it and Gilcrease Production Company, which, in part, states:

" * * * The Gilcrease Production Company shall have the sole and exclusive management and control and operation * * * [and] full authority to rework any well or wells, to make any repairs * * * to install any pumping equipment * * * or any machinery or any other personal property."

The following provision of the contract, however, allowed Valley Osage Oil Company to keep a representative on the lease:

"Non-operator shall have the right to maintain a representative upon said lease, but at its own expense, and shall have access at all reasonable times to all books and records of operator concerning said oil and gas mineral lease."

There is testimony by officers of the corporation that they had no employees; however, there is evidence showing: (1) A check from the Valley Osage Oil Company payable to Barrick for wages for the month in which Myers was injured; (2) the defendant company withheld Barrick's income taxes out of his wages; (3) it kept in effect insurance in accordance with the Workman's Compensation Act of Texas, Vernon's Ann.Civ.St. Art. 8306 et seq.; (4) the lease whereon the accident occurred was owned by Valley Osage Oil Company; (5) supplies recently purchased for maintenance of the lease were charged by Barrick to Valley Osage Oil Company; (6) information from which Barrick computed his income tax and made his returns was furnished by Valley Osage Oil Company; (7) Barrick was originally hired by Valley Osage Oil Company.

At the close of the evidence the trial Court directed a verdict for the defendant.

The questions for our determination are: Did the evidence raise a jury question as to whether Barrick was an employee of Valley Osage Oil Company, and if so, was he acting within the scope of his employment, at the time of the accident?

While we are aware that in determining the existence of the relation of master and servant the right of direction and control is often a controlling factor, and in all cases it must be given due consideration, nevertheless, the rule is not absolute to the point that it excludes every other circumstance or consideration, and here it is a circumstance to be weighed by the jury along with other facts and circumstances in the case. Despite the written contract and the testimony of several of the defendant's witnesses, and the evidence of supervision and control by Gilcrease, nevertheless, the facts and circumstances in evidence, as enumerated above, and the inferences to be drawn therefrom, were matters upon which the minds of reasonable men might differ, and the lower Court was in error in refusing to submit the case to the jury.

Reversed and remanded for further proceedings not inconsistent with the views herein expressed.